# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| ANTHONY MARANO COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. |
| vs. | ) |
| | ) Judge: |
| JOE CAPUTO & SONS, INC. a/t/a JOE CAPUTO #1 a/t/a JOE CAPUTO #1 – DES PLAINES, | ) Magistrate Judge: |
| | ) |
| JOE CAPUTO & SONS PRODUCE - PALATINE, INC. a/t/a JOE CAPUTO #2 a/t/a JOE CAPUTO #2 – PALATINE, | ) |
| | ) |
| JOE CAPUTO & SONS - ALGONQUIN, INC. a/t/a JOE CAPUTO #3 a/t/a JOE CAPUTO #3 – ALGONQUIN, | ) |
| | ) |
| JOE CAPUTO & SONS NB INC. a/t/a JOE CAPUTO #4 a/t/a JOE CAPUTO #4 – NORTHBROOK, | ) |
| | ) |
| JOE CAPUTO & SONS AH INC. a/t/a JOE CAPUTO #5 a/t/a JOE CAPUTO #5 – ARLINGTON HEIGHTS, | ) |
| | ) |
| JOE CAPUTO & SONS EGV INC. a/t/a JOE CAPUTO #6 a/t/a JOE CAPUTO #6 – ELK GROVE VILLAGE, | ) |
| | ) |
| NATALE CAPUTO a/k/a NAT V. CAPUTO, | ) |
| | ) |
| and | ) |
| | ) |
| VITO CAPUTO a/k/a VITO J. CAPUTO, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT
### (To Enforce Payment From Produce Trust)

Anthony Marano Company ("Marano"), by and through its undersigned counsel, for its complaint against Defendants, Joe Caputo & Sons, Inc. a/t/a Joe Caputo #1 a/t/a Joe Caputo #1 – Des Plaines ("Des Plaines"), Joe Caputo & Sons Produce – Palatine, Inc. a/t/a Joe Caputo #2 a/t/a Joe Caputo #2 – Palatine ("Palatine"), Joe Caputo & Sons – Algonquin, Inc. a/t/a Joe Caputo #3 a/t/a Joe Caputo #3 – Algonquin ("Algonquin"), Joe Caputo & Sons NB Inc. a/t/a Joe Caputo #4 a/t/a Joe Caputo #4 – Northbrook ("Northbrook"), Joe Caputo & Sons AH Inc. a/t/a Joe Caputo #5 a/t/a Joe Caputo #5 – Arlington Heights ("Arlington Heights"), Joe Caputo & Sons EGV Inc. a/t/a Joe Caputo #6 a/t/a Joe Caputo #6 – Elk Grove Village ("Elk Grove"), Natale Caputo a/k/a Nat V. Caputo ("Nat"), and Vito Caputo a/k/a Vito J. Caputo ("Vito"), alleges:

### JURISDICTION AND VENUE

1. Subject Matter Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(5), 28 U.S.C. § 1331 and 28 U.S.C. § 2201.

2. Venue in this District is based on 28 U.S.C. § 13391 in that (a) Plaintiff's claims arose in this district and (b) Defendants reside in this district.

### PARTIES

3. Plaintiff Marano, an Illinois corporation with its principal place of business in Chicago, Illinois, is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "produce") in interstate commerce and was at all times pertinent herein, a dealer subject to and licensed under the provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a *et seq*. ("PACA") as a dealer.

4. Defendant Des Plaines, an Illinois corporation, with its principal place of business in Des Plaines, Illinois, is also engaged in the business of buying and selling wholesale quantities

2

of produce in interstate commerce and was at all times pertinent herein, a dealer subject to and licensed under the provisions of the PACA as a dealer.

5.	Defendant Palatine, an Illinois corporation, with its principal place of business in Palatine, Illinois, is also engaged in the business of buying and selling wholesale quantities of produce in interstate commerce and was at all times pertinent herein, a dealer subject to and licensed under the provisions of the PACA as a dealer.

6.	Defendant Algonquin, an Illinois corporation, with its principal place of business in Algonquin, Illinois, is also engaged in the business of buying and selling wholesale quantities of produce in interstate commerce and was at all times pertinent herein, a dealer subject to and licensed under the provisions of the PACA as a dealer.

7.	Defendant Northbrook, an Illinois corporation, with its principal place of business in Northbrook, Illinois, is also engaged in the business of buying and selling wholesale quantities of produce in interstate commerce and was at all times pertinent herein, subject to license under the provisions of the PACA.

8.	Defendant Arlington Heights, an Illinois corporation, with its principal place of business in Arlington Heights, Illinois, is also engaged in the business of buying and selling wholesale quantities of produce in interstate commerce and was at all times pertinent herein, subject to license under the provisions of the PACA.

9.	Defendant Elk Grove, an Illinois corporation, with its principal place of business in Elk Grove Village, Illinois, is also engaged in the business of buying and selling wholesale quantities of produce in interstate commerce and was at all times pertinent herein, subject to license under the provisions of the PACA.

10. Defendant Nat, upon information and belief, is an owner, officer, and director of Des Plaines, Palatine, Algonquin, Northbrook, Arlington Heights, and Elk Grove who controlled the day-to-day operations of Des Plaines, Palatine, Algonquin, Northbrook, Arlington Heights, and Elk Grove during the period of time in question and was in a position of control over the PACA trust assets belonging to Plaintiff.

11. Defendant Vito, upon information and belief, is an owner, officer, and director of Des Plaines, Palatine, Algonquin, Northbrook, Arlington Heights, and Elk Grove who controlled the day-to-day operations of Des Plaines, Palatine, Algonquin, Northbrook, Arlington Heights, and Elk Grove during the period of time in question and was in a position of control over the PACA trust assets belonging to Plaintiff.

## GENERAL ALLEGATIONS

12. This action is brought to obtain declaratory relief and to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5 of the PACA, 7 U.S.C. § 499e(c).

13. Upon information and belief, after commencement of the operations by Des Plaines, Palatine, Algonquin, Northbrook, Arlington Heights, and Elk Grove, they purchased inventory, purchased equipment, installed equipment and fixtures, transferred inventory amongst each other, transferred equipment amongst each other, transferred equipment and fixtures amongst each other at each of their business premises that were acquired in whole or in pat with commingled sales proceeds of produce and other inventory.

14. Upon information and belief, all unpaid sellers of produce to Des Plaines, Palatine, Algonquin, Northbrook, Arlington Heights, and Elk Grove were not paid in full prior to the transactions at issue between Des Plaines, Palatine, Algonquin, Northbrook, Arlington Heights, Elk Grove and Plaintiff, and the statutory PACA trust has been in continual existence.

4

15. Upon information and belief, Des Plaines's, Palatine's, Algonquin's, Northbrook's, Arlington Heights's, and Elk Grove's objectives are common, not disparate, their general corporate actions are guided or determined not by separate corporate consciousnesses, but by one – Des Plaines, Palatine, Algonquin, Northbrook, Arlington Heights, and Elk Grove act as a single entity.

16. Upon information and belief, Palatine, Algonquin, Northbrook, Arlington Heights, and Elk Grove are branch operations of Des Plaines.

17. Between June 5, 2015 and February 8, 2016, Plaintiff sold and delivered to Des Plaines, Palatine, Algonquin, Northbrook, Arlington Heights, and Elk Grove, during the dates below, wholesale quantities of fresh produce, in interstate commerce, collectively worth $3,607,133.65, which remains unpaid, in the following principal amounts:

| Des Plaines | 09/12/15 – 02/08/16 | $483,980.88 |
| Palatine | 06/05/15 – 02/08/16 | $1,516,898.64 |
| Algonquin | 07/20/15 – 02/08/16 | $1,343,237.07 |
| Northbrook | 09/19/15 – 10/31/15 | $73,889.97 |
| Arlington Heights | 10/03/15 – 11/09/15 | $81,755.77 |
| Elk Grove | 11/25/15 – 02/08/16 | $107,371.324 |

18. Des Plaines, Palatine, Algonquin, Northbrook, Arlington Heights, and Elk Grove each accepted the produce delivered by Plaintiff.

19. At the time of receipt of the produce, Plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce related assets, including all funds commingled with funds from other sources and all

assets procured by such funds, in the possession or control of Defendants since the creation of this trust.

20. Plaintiff preserved their respective interests in the PACA trust in the principal amount of $3,607,133.65 by delivering invoices or other billing statements to Des Plaines, Palatine, Algonquin, Northbrook, Arlington Heights, and Elk Grove which contained the language required by 7 U.S.C. § 499e(c)(4) and remains a beneficiary until full payment is made for the produce. A representative sampling of unpaid ordinary usual invoices or other billing statements with the requisite statutory language is attached hereto as Exhibits 1 through 6.

21. Des Plaines, Palatine, Algonquin, Northbrook, Arlington Heights, and Elk Grove and its owners and officers have not disputed the debt in any way but have failed to make payment to Plaintiff in accordance with the prompt payment and trust provisions of PACA.

22. The failure of Des Plaines, Palatine, Algonquin, Northbrook, Arlington Heights, and Elk Grove to pay Plaintiff demonstrates that Des Plaines, Palatine, Algonquin, Northbrook, Arlington Heights, and Elk Grove and its owners and officers have failed to maintain sufficient assets in the statutory trust to pay Plaintiff and have dissipated trust assets.

23. Despite demand for payment, Des Plaines, Palatine, Algonquin, Northbrook, Arlington Heights, and Elk Grove have failed and refused to pay Plaintiff for the wholesale quantities of produce supplied by Plaintiff, and have advised Plaintiff they are unable to do so due to cash flow problems.

24. The failure of Des Plaines, Palatine, Algonquin, Northbrook, Arlington Heights, and Elk Grove to pay Plaintiff, as well as the closing of Northbrook, the closing of Arlington Heights, the joint action suits, in which judgments were entered in the Circuit Court of Cook County against Des Plaines, Northbrook, and Arlington Heights, and the bouncing of checks,

indicates that Des Plaines, Palatine, Algonquin, Northbrook, Arlington Heights, and Elk Grove are failing to maintain sufficient assets in the statutory trust to pay Plaintiff and are dissipating trust assets.

## Count I
### (Failure to Pay Trust Funds)

25. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 24 above as if fully set forth herein.

26. The failure of Des Plaines, Palatine, Algonquin, Northbrook, Arlington Heights, and Elk Grove and Defendants Nat, and Vito to make payment to Plaintiff of trust funds in the aggregate amount of $3,607,133.65 from the statutory trust is a violation of the PACA and PACA regulations, and is unlawful.

WHEREFORE, Plaintiff requests an order enforcing payment from the trust by requiring immediate payment of $3,607,133.65 to Plaintiff, and for such other and further relief as the Court deems appropriate.

## Count II
### (Failure to Pay Promptly)

27. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 26 above as if fully set forth herein.

28. Des Plaines, Palatine, Algonquin, Northbrook, Arlington Heights, and Elk Grove received each of the shipments of produce described above.

29. The PACA requires Des Plaines, Palatine, Algonquin, Northbrook, Arlington Heights, and Elk Grove to tender full payment promptly to its unpaid suppliers of produce.

30. Des Plaines, Palatine, Algonquin, Northbrook, Arlington Heights, and Elk Grove failed to pay for the produce supplied by Plaintiff within the payment terms.

31. As a result of Des Plaines's, Palatine's, Algonquin's, Northbrook's, Arlington Heights's, and Elk Grove's failure to pay promptly, Plaintiff has incurred damages in the aggregate principal amount of $3,607,133.65.

WHEREFORE, Plaintiff request an order enforcing the PACA's prompt payment requirements by requiring immediate payment of $3,607,133.65 to Plaintiff from Defendants, and for such other and further relief as the Court deems appropriate.

## Count III
**(Failure to Pay for Goods Sold)**

32. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 31 above as if fully set forth herein.

33. Des Plaines, Palatine, Algonquin, Northbrook, Arlington Heights, and Elk Grove and refused to pay Plaintiff the aggregate amount of $3,607,133.65 owed to Plaintiff for Produce received from Plaintiff.

WHEREFORE, Plaintiff request judgment as follows in favor of Plaintiff and against Defendants, jointly and severally, in the amount of $3,607,133.65, and for such other and further relief as the Court deems appropriate.

## Count IV
**(Unlawful Dissipation of Trust Assets by a Corporate Official – Natale Caputo)**

34. Plaintiff incorporates each and every allegation set forth in paragraph 1 to 33 above as if fully set forth herein.

35. Defendant, Nat, was an owner of Des Plaines, Palatine, Algonquin, Northbrook, Arlington Heights, and Elk Grove during the period in question and was in a position of control over the PACA trust assets belonging to Plaintiff.

36. Defendant, Nat, failed to direct Des Plaines, Palatine, Algonquin, Northbrook, Arlington Heights, and Elk Grove to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the produce supplied.

37. Defendant, Nat's, failure to direct Des Plaines, Palatine, Algonquin, Northbrook, Arlington Heights, and Elk Grove to maintain PACA trust assets and pay Plaintiff for the produce supplied was a breach of fiduciary duty and an unlawful dissipation of trust assets by a corporate official.

38. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as beneficiary in the produce trust and has been denied payment for the produce it supplied.

WHEREFORE, Plaintiff request judgment against Defendant, Natale Caputo, in the amount of $3,607,133.65, and for such other and further relief as the Court deems appropriate.

### Count V
### (Unlawful Dissipation of Trust Assets by a Corporate Official – Vito Caputo)

39. Plaintiff incorporates each and every allegation set forth in paragraph 1 to 38 above as if fully set forth herein.

40. Defendant, Vito, was an owner of Des Plaines, Palatine, Algonquin, Northbrook, Arlington Heights, and Elk Grove during the period in question and was in a position of control over the PACA trust assets belonging to Plaintiff.

41. Defendant, Vito, failed to direct Des Plaines, Palatine, Algonquin, Northbrook, Arlington Heights, and Elk Grove to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the produce supplied.

42. Defendant, Vito's, failure to direct Des Plaines, Palatine, Algonquin, Northbrook, Arlington Heights, and Elk Grove to maintain PACA trust assets and pay Plaintiff for the produce supplied was a breach of fiduciary duty and an unlawful dissipation of trust assets by a corporate official.

43. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as beneficiary in the produce trust and has been denied payment for the produce it supplied.

WHEREFORE, Plaintiff request judgment against Defendant, Vito Caputo, in the amount of $3,607,133.65, and for such other and further relief as the Court deems appropriate.

## Count VI
### (Interest and Attorney's Fees)

44. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 43 above as fully set forth herein.

45. As a result of Defendants' failure to make full payment promptly for the produce sold and delivered to Des Plaines, Palatine, Algonquin, Northbrook, Arlington Heights, and Elk Grove, Plaintiff has lost the use of said money.

46. As a further result of Defendants' failure to make full payment promptly for the produce sold and delivered to Des Plaines, Palatine, Algonquin, Northbrook, Arlington Heights, and Elk Grove, Plaintiff has been required to pay attorneys' fees and costs in order to bring this action to require Defendants to comply with their statutory duties.

47. PACA and the invoices of the Plaintiff entitle Plaintiff to recover prejudgment interest and attorneys fees' and costs incurred to collect any balance due from Defendants.

**WHEREFORE**, Plaintiff requests judgment against each of the Defendants, jointly and severally, for prejudgment interest, attorneys' fees and costs, and for such other and further relief as the Court deems appropriate.

Dated this 9th day of February, 2016

Respectfully submitted,

By: /s/ Robert Marcus
Robert B. Marcus, #6304891
Maksimovich & Associates, P.C.
8643 Ogden Avenue
Lyons, Illinois 60534
(708) 447-1040
(708) 447-1846 – fax
rmarcus@attorneymm.com

*Counsel for Anthony Marano Company*