### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY MARANO COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.  1:16-cv-02051 |
| vs. | ) | |
| | ) | Judge:  Samuel Der-Yeghiayan |
| JOE CAPUTO & SONS, INC. a/t/a JOE | ) | |
| CAPUTO #1 a/t/a JOE CAPUTO #1 – DES | ) | Magistrate Judge:  Jeffrey T. Gilbert |
| PLAINES, et al. | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER ESTABLISHING PACA TRUST CLAIMS PROCEDURE

UPON CONSIDERATION of Plaintiff's Motion for Order Establishing PACA Trust Claims Procedure, and any opposition thereto, the Court finds that it is reasonable and necessary to establish an orderly procedure regarding any and all claims asserted under the trust provisions of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499e(c), against Joe Caputo & Sons, Inc. a/t/a Joe Caputo #1 a/t/a Joe Caputo #1 – Des Plaines ("Des Plaines"), Joe Caputo & Sons Produce – Palatine, Inc. a/t/a Joe Caputo #2 a/t/a Joe Caputo #2 – Palatine ("Palatine"), Joe Caputo & Sons – Algonquin, Inc. a/t/a Joe Caputo #3 a/t/a Joe Caputo #3 – Algonquin ("Algonquin"), Joe Caputo & Sons NB Inc. a/t/a Joe Caputo #4 a/t/a Joe Caputo #4 – Northbrook ("Northbrook"), Joe Caputo & Sons AH Inc. a/t/a Joe Caputo #5 a/t/a Joe Caputo #5 – Arlington Heights ("Arlington Heights"), and Joe Caputo & Sons EGV Inc. a/t/a Joe Caputo #6 a/t/a Joe Caputo #6 – Elk Grove Village ("Elk Grove") (collectively, "Defendants"), in order to maximize the recovery for all unpaid beneficiaries of the PACA trust, ensure the rights of all potential claimants are efficiently addressed, and to minimize further costs and expense to all concerned because of potential litigation in multiple courts and forums.

**IT IS HEREBY ORDERED**, as follows:

1.      All validly qualified PACA trust beneficiaries of Defendants have the right to share *pro rata* in the PACA Trust assets.

2.      The efficient administration of justice requires that all persons or entities claiming to be potential PACA trust creditors of Defendants be notified of this Order.  Further, to ensure finality of any ultimate distribution of PACA Trust Assets in this case, all persons or entities claiming to be PACA trust creditors of Defendants are **required to file with the Court a PACA Proof of Claim substantially similar to the one attached hereto as Exhibit A to Exhibit 1.** Accordingly, all persons or entities claiming an interest in the PACA Trust Assets are hereby required to file with the Court a PACA Proof of Claim prior to an established bar date set forth below in order to (i) define the class of PACA trust beneficiaries, (ii) establish a method to determine the validity and amount of their claims, and (iii) share in any distribution of trust assets.  **Any claimant which is a corporation or limited liability company must assert its PACA Proof of Claim via an attorney.**  In addition, leave is hereby granted so that claimants may, but are not required, to file a complaint in intervention in this proceeding by the established bar date set forth below.

3.      Within 7 business days after the date of entry of this Order, Plaintiff's counsel, shall cause to be issued a written notice ("Notice"), in a form substantially similar to that attached hereto as Exhibit 1, to each of the known trade creditors who supply or supplied produce to Defendants, as provided to Plaintiff's counsel by Defendants.  The Notice shall be accompanied by a copy of this Order and shall be sent via certified mail, return receipt requested, postage prepaid or via FedEx.  If a notice of appearance has been filed on the creditor's behalf in

this action, the Notice shall be sent to the creditor's attorney of record which may be sent via email.

4.      The Notice shall be structured on the following schedule:

| | |
|---|---|
| **Deadline to File PACA Proof of Claim** | **March 17, 2016** |
| **Deadline to File Objections to any PACA Proof of Claim** | **March 31, 2016** |
| **Deadline to File Response to Objections** | **April 14, 2016** |
| **Deadline to File PACA Trust Chart** | **April 28, 2016** |

5.      On or before the "Deadline to File PACA Proof of Claim" set forth in ¶ 4 of this Order, each unpaid supplier of perishable agricultural commodities ("Produce") to Defendants, or other claimant alleging rights under the PACA Trust, shall file with the Clerk of the Court a completed PACA Proof of Claim ("PACA Proof of Claim"), via counsel if the unpaid supplier is a corporation or limited liability company, in a form substantially similar to that attached hereto as Exhibit 2, along with copies of any and all documents supporting its claim.  Copies of the filed PACA Proofs of Claim may be obtained from the Court's CM/ECF system or upon written request to a creditor or its attorney, if represented by counsel, with the requesting party to pay any costs of copying.  Claimants who elect to file a complaint in intervention must do so by the deadline to file PACA Proofs of Claim.

6.      Any Produce supplier who fails to timely file a PACA Proof of Claim with the Court on or by the date set forth in ¶ 4, *supra*, shall be forever barred from thereafter asserting any claims under the PACA Trust against Defendant for non-payment of produce sold, whether in this Court or any other forum.  Each PACA Proof of Claim must be verified by an owner, an officer, or authorized corporate employee of the claimant having personal knowledge of the facts comprising such claims.

7. The holder of an allowed PACA Claim may be entitled to interest, costs and attorneys fees under PACA (collectively "Additional Costs"). To be entitled to collect Additional Costs, the initial PACA Proof of Claim must clearly assert the right to Additional Costs and state the bases for the same. If the initial PACA Proof of Claim does not clearly assert the right to Additional Costs, then the holder of the allowed PACA Proof of Claim shall be barred from asserting entitlement to additional costs at a later time. The holder of an allowed PACA Claim that includes Additional Costs may make a supplemental application for reimbursement of any additional amounts that have accrued after the filing of the initial PACA Proof of Claim ("Supplemental Proof of Claim"). Supplemental Proof of Claims shall be filed and served on all interested parties in the same manner as the initial PACA Proof of Claim and shall include a Notice and 21 day response period. Objections to a Supplemental Proof of Claim shall follow the same procedure as set forth for the initial PACA Proof of Claims. In the event that a timely objection is received, the objecting party shall request that the court set a hearing date on the matter, and shall provided written notice of the hearing date to all interested parties.

8. Any objections to any PACA claims shall be deemed waived if not raised as specified in ¶ 9, *infra*.

9. Any objections to any PACA claims must be filed with the Clerk of the Court and served upon the PACA claimant whose claim is the subject of the objection. Any interested party may file an objection to any PACA claim. Any and all such objections must be filed and served on or before the "Objection Deadline" set forth in ¶ 4 of this Order ("Timely Objection"). The Timely Objection must set forth **in detail** the legal and factual basis for the objection. Any additional evidence which the objecting party wishes the Court to consider when resolving the objection must be filed with the Timely Objection.

4

10.     On or before the "Response Deadline" set forth in ¶ 4 of this Order, any PACA claimant whose claim is subject to a Timely Objection may file with the Court a detailed response to any Timely Objection received, and serve the response on the objecting party. **A claim will be disallowed if a Timely Objection was timely filed and the claimant fails to file and serve a timely response.**

11.     Any PACA claim listed on a PACA Proof of Claim to which no Timely Objection has been filed and served on or before the Objection Deadline, shall be deemed a valid PACA trust claim for the full amount stated in the PACA Proof of Claim. If a PACA claim is subject to a Timely Objection as to only a part of the claim's total amount, that claim will be deemed a valid PACA Trust claim only to the extent it is not subject to the Timely Objection.

12.     The claimant and the objecting party shall thereafter exercise best efforts to resolve any Timely Objections. In the event the claimant and the objecting party are unable to resolve such dispute or the objection is not withdrawn, such dispute shall be submitted to the Court by motion.

13.     On or before the "Deadline to File PACA Trust Chart" set forth in ¶ 4 of this Order, Plaintiff's counsel shall prepare, file with the Court, and serve upon all counsel of record and any *pro se* entities who have filed a PACA Proof of Claim, a chart listing each person or entity having filed a verified PACA Proof of Claim; the amount of its claim as set forth on the PACA Proof of Claim; the amount which is deemed valid due to no Timely Objections filed; the amount which is deemed invalid due to no response to a Timely Objection filed; the amount, if any, subject to a pending Timely Objection; and the amount of any Timely Objection resolved by settlement ("PACA Trust Chart").

14. Any party in interest may file and serve on counsel of record and any *pro se* claimants, a timely objection to the PACA Trust Chart.

15. Any Timely Objections to a PACA Trust Chart shall be resolved between the parties or submitted to the Court on motion for ruling.

16. Plaintiff's counsel may, in his sole discretion, delegate any tasks or duties hereunder to any PACA counsel of record.

17. In order to ensure that all trust beneficiaries share the cost and expense incurred in marshalling the trust assets and administration of this PACA Claims Procedure as they are accepting the benefits of such action, Plaintiff's counsel or counsel whom Plaintiff's counsel delegated work to shall be entitled to file and serve on all counsel of record and any *pro se* claimants a Motion for Reimbursement of Fees and Expenses supported by Declaration of Counsel and fee and expense records ("Application for Compensation"). Any objection to counsel's Applications for Compensation must be filed and served within 14 days of service of the Applications for Compensation..

18. Plaintiff's counsel or counsel whom Plaintiff's counsel delegated work to shall have no responsibility or obligation to any person or entity with respect to the PACA trust funds, or the tasks to be performed hereunder, other than to comply in good faith with the terms of this Order and act in accordance with the law. Plaintiff's counsel or counsel whom Plaintiff's counsel delegated work to may rely on and shall be protected in acting and/or refraining from acting on any statement, certificate, notice, request, consent, order or other documents (including Defendants' books and records) reasonably believed to be genuine and to have been signed or presented by the proper party or parties, or their counsel. Plaintiff's counsel or counsel whom Plaintiff's counsel delegated work to shall have no duty or liability to verify any such statement, certificate, notice,

6

request, consent, order or document.  Except as specifically provided in this Order, Plaintiff's

counsel or counsel whom Plaintiff's counsel delegated work to shall be under no obligation to

institute or defend any action, suit or proceeding in connection with the administration of the instant

PACA Claims Procedure.

19.    This Court shall exercise exclusive jurisdiction over this action and any

subsequently recovered PACA trust assets.  The Court also hereby retains jurisdiction to enter

further Orders to enforce the terms of this PACA Claims Procedure.

IT IS SO ORDERED this 26th day of February, 2016

Samuel Der-Yeghiayan
United States District Judge

**EXHIBIT 1**

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY MARANO COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.  1:16-cv-02051 |
| vs. | ) | |
| | ) | Judge:  Samuel Der-Yeghiayan |
| JOE CAPUTO & SONS, INC. a/t/a JOE | ) | |
| CAPUTO #1 a/t/a JOE CAPUTO #1 – DES | ) | Magistrate Judge:  Jeffrey T. Gilbert |
| PLAINES, et al. | ) | |
| | ) | |
| Defendants. | ) | |

### NOTICE OF PROCEDURE TO DETERMINE VALID PACA TRUST CLAIMS

TO:     All Persons or Entities Claiming PACA Trust Beneficiary Rights Against
Joe Caputo & Sons, Inc., Joe Caputo & Sons Produce – Palatine, Inc., Joe
Caputo & Sons – Algonquin, Inc., Joe Caputo & Sons NB Inc., Joe Caputo
& Sons AH Inc., and Joe Caputo & Sons EGV Inc.

**PLEASE TAKE NOTICE** that on _____, this Court issued an order setting

forth a procedure to determine the valid PACA Trust Claims against Joe Caputo & Sons, Inc. a/t/a

Joe Caputo #1 a/t/a Joe Caputo #1 – Des Plaines ("Des Plaines"), Joe Caputo & Sons Produce –

Palatine, Inc. a/t/a Joe Caputo #2 a/t/a Joe Caputo #2 – Palatine ("Palatine"), Joe Caputo & Sons –

Algonquin, Inc. a/t/a Joe Caputo #3 a/t/a Joe Caputo #3 – Algonquin ("Algonquin"), Joe Caputo &

Sons NB Inc. a/t/a Joe Caputo #4 a/t/a Joe Caputo #4 – Northbrook ("Northbrook"), Joe Caputo &

Sons AH Inc. a/t/a Joe Caputo #5 a/t/a Joe Caputo #5 – Arlington Heights ("Arlington Heights"),

and Joe Caputo & Sons EGV Inc. a/t/a Joe Caputo #6 a/t/a Joe Caputo #6 – Elk Grove Village ("Elk

Grove") (collectively, "Defendants"). A copy of the Order Establishing PACA Trust Claims

Procedure is attached hereto.  Your rights may be affected.  You should read these papers

carefully and discuss them with your lawyer.  (If you do not have a lawyer, you may wish to

consult one.)

On or before _____, counsel for Plaintiff, Robert Marcus, Esq. (hereinafter referred to as "Plaintiff's counsel" or "counsel for Plaintiff"), shall notify each known supplier of produce to Defendants, or its counsel of record, a copy of this Notice of Procedure to Determine Valid PACA Trust Claims.

1.      Because the statutory scheme of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e ("PACA") imposes certain procedural steps that must be taken by sellers in order to preserve their rights as trust beneficiaries, such sellers must prove they have met all statutory requirements and have valid claims. The following PACA Trust Claim procedure is imposed for all potential PACA Trust Claimants ("PACA Claimant") to prove their claim.

2.      On or before **March 17, 2016**, each PACA Claimant shall complete and file with the Clerk of the Court, United States District Court for the Northern District of Illinois, Everett McKinley Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois 60604, a Declaration and PACA Proof of Claim ("PACA Proof of Claim") in a form substantially similar to that attached hereto as Exhibit A, and attach copies of all documents upon which it intends to rely to prove its standing as a PACA trust beneficiary. <u>Any PACA Claimant which is a corporation or limited liability company **must retain an attorney** in order to file its PACA Proof of Claim.</u>

Any Produce supplier who fails to timely file a PACA Proof of Claim with the Court on or by **March 17, 2016**, shall be forever barred from thereafter asserting any trust claims under PACA against Defendants, its officers, directors, shareholders, or employees, for non-payment of produce sold, whether in this Court or any other forum. Each PACA Proof of Claim must be verified by an owner, an officer, or authorized corporate employee of the claimant having personal knowledge of the facts comprising such claims.

2

3.      Any objection to PACA trust claims must be filed with the Court and served upon the PACA claimant and all attorneys of record on or before **March 31, 2016**.  Any and all objections to PACA trust claims must set forth **in detail** the legal and factual basis for the objection.  Any additional evidence which the objecting party wishes the Court to consider when resolving the objection must be filed with the objection.

4.      On or before **April 14, 2016**, the PACA claimant shall file with the Court and serve the objecting party with a detailed response to any objection received on its claim, and include any supporting rebuttal evidence.  **A PACA trust claim, or any portion thereof, subject to an objection will be deemed disallowed without further order of this Court if an objection was timely filed and served and the Claimant fails to file and serve a timely response.**

5.      Any filed PACA Proof of Claim to which no objection has been filed and served by **March 31, 2016** shall be deemed a valid PACA trust claim ("Valid PACA Trust Claim") for the full amount stated in the PACA Proof of Claim, and entitled to *pro rata* distribution from the PACA Trust.

6.      On or before **April 28, 2016**, counsel for Plaintiff shall prepare a chart ("PACA Trust Chart") listing each PACA trust creditor, the amount of its claim as set forth on the Proof of Claim, the amount of its claim that is valid due to not receiving an objection, and the amount of any disputed claim.  The PACA Trust Chart shall be filed with the Court and served on all parties in interest who have appeared in this action on or before **April 28, 2016**.

Should you have any questions regarding this notice, please contact the undersigned counsel for Plaintiff in this matter or consult your own attorney.

3

**THE DEADLINE TO FILE YOUR PACA PROOF OF CLAIM IS:**

**MARCH 17, 2016**

This _____ day of _____, 2016                    Respectfully submitted,

By:    /s/ Robert Marcus
   Robert B. Marcus, #6304891
   Maksimovich & Associates, P.C.
   8643 Ogden Avenue
   Lyons, IL 60534
   (708) 447-1040
   (708) 447-1846 – fax
   rmarcus@attorneymm.com

   *Counsel for Anthony Marano Company*

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ANTHONY MARANO COMPANY,         ) | |
| ) | |
| Plaintiff,       ) | |
| ) | Case No. 1:16-cv-02051 |
| vs.       ) | |
| ) | Judge: Samuel Der-Yeghiayan |
| JOE CAPUTO & SONS, INC. a/t/a JOE    ) | |
| CAPUTO #1 a/t/a JOE CAPUTO #1 – DES    ) | Magistrate Judge: Jeffrey T. Gilbert |
| PLAINES, et al.       ) | |
| ) | |
| Defendants.       ) | |

**DECLARATION OF _____ IN SUPPORT OF**

**PACA PROOF OF CLAIM OF _____**

I, _____, (Declarant), declare:

        1.    That I am the _____ and the custodian of the accounts and records of _____ (hereinafter referred to as "Claimant"), and I file this Declaration and declare under penalty of perjury that the following are true statements and that the attached documents are true and correct copies or original documents, which are filed with this Declaration for the purpose of supporting Claimant's PACA claim as a beneficiary of the trust created against perishable agricultural commodities sold and delivered to Joe Caputo & Sons, Inc. a/t/a Joe Caputo #1 a/t/a Joe Caputo #1 – Des Plaines ("Des Plaines"), Joe Caputo & Sons Produce – Palatine, Inc. a/t/a Joe Caputo #2 a/t/a Joe Caputo #2 – Palatine ("Palatine"), Joe Caputo & Sons – Algonquin, Inc. a/t/a Joe Caputo #3 a/t/a Joe Caputo #3 – Algonquin ("Algonquin"), Joe Caputo & Sons NB Inc. a/t/a Joe Caputo #4 a/t/a Joe Caputo #4 – Northbrook ("Northbrook"), Joe Caputo & Sons AH Inc. a/t/a Joe Caputo #5 a/t/a Joe Caputo #5 – Arlington Heights ("Arlington Heights"), and Joe Caputo & Sons EGV Inc. a/t/a Joe Caputo #6 a/t/a Joe

Caputo #6 – Elk Grove Village ("Elk Grove") (collectively, "Defendants"), pursuant to the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499e ("PACA") and the Code of Federal Regulations implementing PACA promulgated by the Secretary of the United States Department of Agriculture ("USDA"), 7 C.F.R. §46.46, and I am authorized to make this Declaration and am competent to testify at trial, if necessary, regarding the statements made in this Declaration.

2.    Claimant:

☐    Is licensed by the USDA–PACA, and currently holds valid PACA license number _____, and was so validly licensed during the period applicable to the transactions which are the subject of this claim.  No oral or written agreement altering PACA's prompt pay terms exists.

☐    Is not licensed by the USDA-PACA, and was not so licensed during the period applicable to the transactions which are the subject of this claim.

3.    That the sales transactions between Claimant and Defendants were based on the following payment terms:

☐    Payment was due within ten (10) days after the day on which the produce was accepted as provided for in 7 C.F.R. §46.2(aa)(5).

☐    On _____- day written payment terms from the date of *(check one)*:

|         ☐         |         ☐         |         ☐         |         ☐         |
|:-----------------:|:-----------------:|:-----------------:|:-----------------:|
| Shipment | Invoice | Delivery | Acceptance |

*True and accurate copies of the written agreements, if any, providing for such payment terms are attached to this Declaration.*

4.    That Claimant sold and delivered perishable agricultural commodities consisting

2

of fresh fruits and/or vegetables (hereinafter "Produce") on credit as described in a chart attached to this Declaration ("Trust Chart"). In each instance, the Produce was received and accepted and no adjustments have been made on the invoice except as listed. True and accurate copies of all relevant invoices are attached to the Trust Chart. In the Trust Chart, the term "Invoice Number" refers to the invoice under which the commodity was sold; "Invoice Date" refers to the date the invoice was generated and mailed; "Payment Due Date" refers to the date payment was due based upon the agreed payment terms. If the claimant claims trust status by virtue of a notice included in the invoice, "Invoice Amount Due" refers to the principal amount owed and remaining unpaid, whether or not it qualifies for trust protection; "PACA Trust Amount" refers to the amount owed and remaining unpaid qualifying for trust protection pursuant to the provisions of PACA; and the "Date Notice Given" refers to the date of the invoice. If the claimant claims trust status by virtue of a Notice of Intent to Preserve Trust Benefits (hereinafter "Trust Notice"), the "Date Notice Given" refers to the date the Trust Notice was served.

5.     That Claimant preserved its PACA trust interest:

☐   by including the statutorily required language on Claimant's invoice or other billing statement (7 U.S.C. §499e(c)(4)); or

☐   By serving Trust Notices (7 U.S.C. §499e(c)(3)).

6.     That on the Invoice Date indicated on the Trust Chart and appearing on each of the invoices, each invoice was sent via:

☐ US Mail              ☐ Hand-Delivery

☐ Facsimile           ☐ Other: (describe) _____

7.     Attached to this Declaration are true and accurate copies of all unpaid invoices,

3

contracts or written agreements, credit applications, personal guarantees, and other documents that may be helpful for the just determination of this claim.

      8.      That the total amount past due and unpaid is as follows:

**TOTAL  $** _____

I understand that the penalty for presenting a fraudulent claim is a fine of not more than Five Thousand Dollars ($5,000.00) or imprisonment for not more than five (5) years, or both.  18 U.S.C. § 152.

I declare under the penalty of perjury, under the laws of the United States of America and the State of _____, that the foregoing is true and correct based on my personal knowledge.

Executed  _____, 2016 at _____(City), State of _____.

_____
Signature
Printed Name:
Title:

**TRUST CHART**

| *Invoice Number* | *Invoice Date* | *Payment Due Date* | *Invoice Amount Due* | *PACA Trust Amount* | *Date Notice Given* |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

5