UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY MARANO COMPANY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 16-cv-02051 ) ) Judge: Samuel Der-Yeghiayan ) |
| JOE CAPUTO & SONS, INC. a/t/a JOE CAPUTO #1 a/t/a JOE CAPUTO #1 – DES PLAINES, *et al.* | ) ) Magistrate Judge: Jeffrey T. Gilbert ) ) |
| Defendants. | ) |

**ORDER APPROVING**
**SETTLEMENT AND DISTRIBUTION OF MAY 12 2016 AUCTION PROCEEDS**

This matter is before the Court upon the Trustee's Motion to Approve Settlement and Distribution of May 12 2016 Auction Proceeds [Dkt. No. 75]. After careful consideration of the record, it is,

**ORDERED** that the Trustee's Motion to Approve Settlement and Distribution of May 12 2016 Auction Proceeds [Dkt. No. 75] is GRANTED, and it is further,

**ORDERED** that the Settlement between the Trustee[1], the PACA Claimants, MB Financial, the Sellers, and the Defendants, as set forth in the Trustee's Motion to Approve Settlement of May 12 2016 Auction Proceeds [Dkt. No. 75], and this Order is APPROVED, and it is further,

**ORDERED** that the Settlement was reached in good faith, and that the Court's approval and confirmation is in the best interests of all parties, and it is further,

**ORDERED** that the Trustee is authorized and directed to distribute, directly from the Sale proceeds at the time of closing, $5,333,673.13 to the PACA Claimants and $21,655,640.64 to MB Financial, and it is further,

---

[1] Any capitalized term not defined herein shall have the meaning ascribed in the Trustee's Motion to Approve Settlement and Distribution of May 12 2016 Auction Proceeds [Dkt. No. 75].

**ORDERED** that the Settlement is conditioned upon the closing and funding of the Sale no later than June 30, 2016 and, further, in the event that closing does not take place on or before June 13, 2016, the PACA Claimants and MB Financial shall receive, and the Trustee is authorized and directed to distribute, directly from the Sale proceeds at the time of closing, additional interest in the amounts of $1,250 per diem and $5,000 per diem, respectively, and it is further,

**ORDERED** that upon payment to the PACA Claimants and payment to MB Financial of their respective Settlement amounts, the Trustee, the PACA Claimants, and MB Financial on the one side, and the Sellers and Defendants on the other side, shall be held to have released the other side from any and all claims they have or may have against the other relating to the administration of this case, the sales by the PACA Claimants, the loans made by MB Financial to Oaks SC Partners, LLC, Foxfire Partners, LLC, and Randall Partners, LLC, any payments made to MB Financial by the Sellers or Defendants, or any of their affiliates, and the specific matters in this litigation, except that the PACA Claimants and MB Financial reserve their rights to assert a claim, in an amount not to exceed the amount by which they reduced their initial claims, against any proposed distribution of proceeds in this action to Natale Caputo, a/k/a Nat V. Caputo and/or Vito Caputo, a/k/a Vito J. Caputo individually, and the PACA Claimants and MB Financial shall have the rights as authorized by any future claims and distribution procedure, and it is further,

**ORDERED** that upon payment to the PACA Claimants and payment to MB Financial of their respective Settlement amounts, the Trustee and the PACA Claimants on the one side and MB Financial on the other side shall be held to have released the other side from any and all claims they have or may have against the other relating to the administration of this case, the sales by the PACA Claimants, the loans made by MB Financial to Oaks SC Partners, LLC, Foxfire Partners, LLC, and Randall Partners, LLC, any payments made to MB Financial by the

Sellers or Defendants, or any of their affiliates, and the specific matters in this litigation, and it is further,

**ORDERED** that any future claims procedure for the distribution of funds recovered in this case shall include provisions whereby any interested party that fails to assert a claim, asserts an invalid claim, or asserts a valid claim, shall be forever barred from asserting a claim against the Trustee, the PACA Claimants and/or MB Financial, relating to the administration of this case, the sales by the PACA Claimants, the loans made by MB Financial to Oaks SC Partners, LLC, Foxfire Partners, LLC, and Randall Partners, LLC, any payments made to the PACA Claimants and MB Financial by the Sellers or Defendants, or any of their affiliates, and the specific matters in this litigation, and it is further,

**ORDERED** that the professional fees and expenses of Rally, Alesia, Herzog, and Heiss are fair and reasonable and that the Court's approval and confirmation is in the best interests of all parties, and it is further,

**ORDERED** that the Trustee is authorized and directed to distribute, directly from the Sale proceeds at the time of closing, $84,862.50 to Rally, $97,678.00 to Alesia, $4,200.00 to Herzog, and $32,214.69 to Heiss, and it is further,

**ORDERED** that the Trustee is authorized and directed to distribute, directly from the Sale proceeds at the time of closing, $250,000.00 to MidCountry Equipment Finance ("MidCountry"), and it is further,

**ORDERED** that the payment to MidCountry is conditioned upon the filing of a stipulation to transfer the case now pending in the United States District Court for the District of Minnesota, captioned as *MidCountry Equipment Finance v. JCS Elk Grove, Inc., et al.*, Case No. 16-cv-00816 (the "Minnesota Action") and the consolidation of the Minnesota Action with this case, and it is further,

**ORDERED** that the Trustee is authorized to execute any and all documents necessary to close on the Sale of the Assets and distribute the proceeds therefrom, and it is further,

**ORDERED** that any and all remaining net proceeds from the Sale shall be held in the Trustee's Joe Caputo & Sons, Inc. *et al*., Escrow/Trust Proceeds Distribution Account at Chase bank pending further order of this Court.

**SO ORDERED**
This the 26th day of May, 2016

*Samuel Der-Yeghiayan*
Samuel Der-Yeghiayan
United States District Judge