UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY MARANO COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:16-cv-02051 |
| vs. ) | |
| ) | Judge: Samuel Der-Yeghiayan |
| JOE CAPUTO & SONS, INC. a/t/a JOE ) | |
| CAPUTO #1 a/t/a JOE CAPUTO #1 – DES ) | Magistrate Judge: Jeffrey T. Gilbert |
| PLAINES, et al. ) | |
| ) | |
| Defendants. ) | |

## ORDER ESTABLISHING CLAIMS PROCEDURE

UPON CONSIDERATION of the Receiver's Motion for Order Establishing Claims Procedure [Dkt. No. 95], and any opposition thereto, the Court finds that it is reasonable and necessary to establish an orderly procedure regarding any and all claims asserted against the Remaining Proceeds[1] in order to maximize the recovery for all unpaid creditors, ensure the rights of all potential creditors are efficiently addressed, and to minimize further costs and expense to all concerned because of potential litigation in multiple courts and forums.

**IT IS HEREBY ORDERED**, as follows:

1. All validly qualified creditors have the right to share *pro rata* in the Remaining Proceeds based on the creditor, the debtor, and the classification of the creditor.

2. The efficient administration of justice requires that all persons or entities claiming to be potential creditors of the Defendants and Minnesota Defendants be notified of this Order. Further, to ensure finality of any ultimate distribution of Assets in this case, all persons or entities claiming to be creditors are **required to file with the Receiver a Claim Form**

---

[1] Any capitalized term not defined herein shall have the meaning ascribed in the Receiver's Motion for Order Establishing Claims Procedure [Dkt. No. 95].

**substantially similar to the one attached hereto as Exhibit 1 to Exhibit A.** Accordingly, all persons or entities claiming an interest in the Remaining Proceeds are hereby required to file with the Receiver a Claim Form prior to the established bar date as set forth below in order to (i) define the class of creditor(s), (ii) establish a method to determine the validity and amount of their claims, and (iii) share in any distribution of the Remaining Proceeds. **Any claimant which is a corporation or limited liability company must assert its Claim via an attorney.**

3.  Within fourteen (14) business days after the date of entry of this Order, the Receiver shall cause to be issued a written notice ("Notice"), in a form substantially similar to that attached hereto as **Exhibit A**, to each of the known creditors. The Notice shall be accompanied by a copy of this Order and shall be sent via first class mail, postage prepaid, e-mail or fax. If a notice of appearance has been filed on the creditor's behalf in this action or the Minnesota Action, the Notice shall be sent to the creditor's attorney of record. The Notice shall also be published in the Chicago Daily Law Bulletin for three consecutive weeks prior to the deadline to file a Claim Form.

4.  The Notice shall be structured on the following schedule:

| | |
|---|---|
| **Deadline to File Claim** | **September 9, 2016** |
| **Deadline to File Objections to any Claim** | **September 23, 2016** |
| **Deadline to File Response to Objections** | **September 30, 2016** |
| **Deadline to File Claims Chart** | **October 7, 2016** |

5.  On or before the "Deadline to File Claim" set forth in ¶ 4 of this Order, each unpaid creditor or other claimant alleging rights to payment from the Remaining Proceeds shall file with the Receiver a completed Claim Form ("Claim Form"), via counsel if the unpaid creditor is a corporation or limited liability company, in a form substantially similar to that

attached hereto as **Exhibit 1 to Exhibit A**, along with copies of any and all documents supporting its claim. Copies of filed Claim Forms may be obtained from the Receiver or upon written request to a creditor or its attorney, if represented by counsel, with the requesting party to pay any costs of copying.

6. Any creditor who fails to timely file a Claim Form with the Receiver on or by the Deadline to File Claim set forth in ¶ 4, *supra,* **shall be forever barred** from asserting a claim for distribution from the Receiver, the Remaining Proceeds, any corporate Defendant, or corporate Minnesota Defendant. Each Claim Form must be verified by an owner, an officer, or authorized corporate employee of the claimant having personal knowledge of the facts comprising such claims.

7. All Claim Forms must assert with particularity which corporate Defendant or corporate Minnesota Defendant is the proper party from which distribution is sought. Failure to provide the required particularity may result in disallowance of the claim.

8. The holder of an allowed claim may be entitled to interest, costs and attorneys fees (collectively "Additional Costs"). To be entitled to collect Additional Costs, the initial Claim Form must clearly assert the right to Additional Costs and state the bases for the same. If the initial Claim Form does not clearly assert the right to Additional Costs, then the holder of the allowed Claim Form shall be barred from asserting entitlement to Additional Costs at a later time.

9. Any objections to any claims shall be deemed waived if not filed and served as specified in ¶ 10, *infra.*

10. Any objections to any claims must be filed with the Receiver and served upon the claimant whose claim is the subject of the objection. Any interested party may file an objection

to any claim. Any and all such objections must be filed and served on or before the "Objection Deadline" set forth in ¶ 4 of this Order ("Timely Objection"). The Timely Objection must set forth **in detail** the legal and factual basis for the objection. Any additional evidence which the objecting party wishes to be considered when resolving the objection must be filed with the Timely Objection.

11. On or before the "Response Deadline" set forth in ¶ 4 of this Order, any claimant whose claim is subject to a Timely Objection may file with the Receiver a detailed response to any Timely Objection received, and serve the response on the objecting party. **A claim will be disallowed if a Timely Objection was timely filed and the claimant fails to file and serve a timely response.**

12. Any claim listed to which no Timely Objection has been filed and served on or before the Objection Deadline shall be deemed a valid claim for the full amount stated in the Claim Form. If a claim is subject to a Timely Objection as to only a part of the claim's total amount, that claim will be deemed a valid claim only to the extent it is not subject to the Timely Objection.

13. The claimant and the objecting party shall thereafter exercise best efforts to resolve any Timely Objections. In the event the claimant and the objecting party are unable to resolve such dispute or the objection is not withdrawn, such dispute shall be mediated before the Honorable Stuart Nudelman on a date to be set in the Receiver's sole discretion. In the event that a Timely Objection is not resolved via mediation it shall then be submitted to the Court via motion for the Court's ruling.

14. On or before the "Deadline to File Claims Chart" set forth in ¶ 4 of this Order, the Receiver shall prepare, file with the Court, and serve upon all counsel of record and any *pro se*

entities who have filed a Claim Form, a chart listing each person or entity having timely filed a verified Claim Form; the debtor, type, and claim amount as set forth on their Claim Form; the amount of their claim subject to a Timely Objection; the proposed distribution amount from the Remaining Proceeds; and the distribution amount subject to a Timely Objection (the "Claims Chart"). The Claims Chart must also list the Remaining Funds available for an immediate distribution equal to seventy-five percent (75%) of the Remaining Proceeds, with twenty-five percent (25%) held back to address any allowed Applications for Compensation described in paragraph 18, *infra*.

15. Any interested party may file and serve on counsel of record and any *pro se* claimants an objection to the Claims Chart, which must be filed with the Receiver and served on all attorneys of record and all other parties within ten (10) days after the Receiver files the Claims Chart.

16. The Receiver and any party objecting to the Claims Chart shall thereafter exercise best efforts to resolve said timely objection to the Claims Chart. In the event the Receiver and the objecting party are unable to resolve such dispute or the objection is not withdrawn, such dispute shall be mediated before the Honorable Stuart Nudelman on a date to be set in the Receiver's sole discretion. In the event that a timely objection to the Claims Chart is not resolved via mediation it shall then be submitted to the Court via motion for the Court's ruling.

17. The Receiver is authorized to execute any and all documents necessary to resolve claims and directed to distribute, without further order of this court, directly from the Remaining Proceeds, the distribution amounts as set forth in the Claims Chart not subject to an objection.

18. In order to ensure the effective administration of justice the Receiver may, in his sole discretion, appoint James J. Roche, Esq., of James J. Roche & Associates to serve as the main point

of contact and represent the unsecured creditor interests related to this procedure process and distribution from the Remaining Proceeds, but not any unsecured claimant individually or their individual claim. Nothing in this paragraph shall be interpreted to mean that James J. Roche shall file any specific claim for any potential claimant. In order to ensure that all creditors and claimants share the cost and expense incurred in marshalling the Remaining Proceeds and administration of this Claims Procedure as they are accepting the benefits of such action, the Receiver, counsel to whom the Receiver delegates work, and professionals retained by the Receiver shall be entitled to file and serve a Motion for Fees and Expenses ("Application for Compensation"). Any objection to counsel's Application(s) for Compensation must be filed and served before such Application(s) for Compensation are heard.

19. The Receiver, counsel to whom the Receiver delegated work, and professionals retained by the Receiver shall have no responsibility or obligation to any person or entity with respect to the funds, or the tasks to be performed hereunder, other than to comply in good faith with the terms of this Order and act in accordance with the law. The Receiver, counsel to whom the Receiver delegated work, and professionals retained by the Receiver may rely on and shall be protected in acting and/or refraining from acting on any statement, certificate, notice, request, consent, order or other documents (including the Defendants' and the Minnesota Defendants' books and records) reasonably believed to be genuine and to have been signed or presented by the proper party or parties, or their counsel. The Receiver, counsel to whom the Receiver delegates work, and professionals retained by the Receiver shall have no duty or liability to verify any such statement, certificate, notice, request, consent, order or document.

20. This Court shall exercise exclusive jurisdiction over this action, the Remaining Proceeds, and this Claims Procedure. The Court also hereby retains jurisdiction to enter further Orders to enforce the terms of this Claims Procedure.

IT IS SO ORDERED this 26TH day of July, 2016

                                                   Samuel Der-Yeghiayan
                                                   United States District Judge

**EXHIBIT A**

Case: 1:16-cv-02051 Document #: 100 Filed: 07/26/16 Page 8 of 16 PageID #:4138

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANTHONY MARANO COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:16-cv-02051 |
| vs. ) | |
| ) | Judge: Samuel Der-Yeghiayan |
| JOE CAPUTO & SONS, INC. a/t/a JOE ) | |
| CAPUTO #1 a/t/a JOE CAPUTO #1 – DES ) | Magistrate Judge: Jeffrey T. Gilbert |
| PLAINES, et al. ) | |
| ) | |
| Defendants. ) | |

**NOTICE OF PROCEDURE TO DETERMINE VALID CLAIMS**

TO:  All Persons or Entities Claiming a Right to Payment from Joe Caputo & Sons, Inc. a/t/a Joe Caputo #1 a/t/a Joe Caputo #1 – Des Plaines ("Des Plaines"), Joe Caputo & Sons Produce – Palatine, Inc. a/t/a Joe Caputo #2 a/t/a Joe Caputo #2 – Palatine ("Palatine"), Joe Caputo & Sons – Algonquin, Inc. a/t/a Joe Caputo #3 a/t/a Joe Caputo #3 – Algonquin ("Algonquin"), Joe Caputo & Sons NB Inc. a/t/a Joe Caputo #4 a/t/a Joe Caputo #4 – Northbrook ("Northbrook"), Joe Caputo & Sons AH Inc. a/t/a Joe Caputo #5 a/t/a Joe Caputo #5 – Arlington Heights ("Arlington Heights"), and Joe Caputo & Sons EGV Inc. a/t/a Joe Caputo #6 a/t/a Joe Caputo #6 – Elk Grove Village ("Elk Grove") (collectively the "Defendants"), and JCS Elk Grove, Inc., Joe Caputo and Sons AH, Inc., Joseph Caputo, Natale V. Caputo, Joe Caputo and Sons-Algonquin, Inc., Joe Caputo and Sons EGV, Inc., Joe Caputo and Sons NB, Inc., Joe Caputo and Sons Produce-Palatine, Inc., Joe Caputo and Sons, Inc., Randall Partners, LLC, Foxfire Partners, LLC, Oaks SC Partners, LLC, Caputo Family Limited Partnership and Vito Caputo ( collectively the "Minnesota Defendants").

**PLEASE TAKE NOTICE** that on _____, this Court issued an order setting forth a procedure to determine the valid claims against Joe Caputo & Sons, Inc. a/t/a Joe Caputo #1 a/t/a Joe Caputo #1 – Des Plaines ("Des Plaines"), Joe Caputo & Sons Produce – Palatine, Inc. a/t/a Joe Caputo #2 a/t/a Joe Caputo #2 – Palatine ("Palatine"), Joe Caputo & Sons – Algonquin, Inc. a/t/a Joe Caputo #3 a/t/a Joe Caputo #3 – Algonquin ("Algonquin"), Joe Caputo &

Sons NB Inc. a/t/a Joe Caputo #4 a/t/a Joe Caputo #4 – Northbrook ("Northbrook"), Joe Caputo & Sons AH Inc. a/t/a Joe Caputo #5 a/t/a Joe Caputo #5 – Arlington Heights ("Arlington Heights"), and Joe Caputo & Sons EGV Inc. a/t/a Joe Caputo #6 a/t/a Joe Caputo #6 – Elk Grove Village ("Elk Grove") (collectively the "Defendants"), and JCS Elk Grove, Inc., Joe Caputo and Sons AH, Inc., Joseph Caputo, Natale V. Caputo, Joe Caputo and Sons-Algonquin, Inc., Joe Caputo and Sons EGV, Inc., Joe Caputo and Sons NB, Inc., Joe Caputo and Sons Produce-Palatine, Inc., Joe Caputo and Sons, Inc., Randall Partners, LLC, Foxfire Partners, LLC, Oaks SC Partners, LLC, Caputo Family Limited Partnership and Vito Caputo ( collectively the "Minnesota Defendants"). A copy of the Order Establishing Claims Procedure is attached hereto. Your rights may be affected. You should read these papers carefully and discuss them with your lawyer. (If you do not have a lawyer, you may wish to consult one.)

On or before **September 9, 2016**, each Claimant shall complete and file with the Receiver, Robert B. Marcus, Esq., Receiver (JCS *et al*.), Maksimovich & Associates, P.C., 8643 Ogden Avenue, Lyons, IL 60534, a Claim Form ("Claim Form") in a form substantially similar to that attached hereto as **Exhibit 1**. **Any Claimant which is a corporation or limited liability company must retain an attorney in order to file its Claim Form.**

Any Claimant who fails to timely file a Claim Form with the Receiver on or by **September 9, 2016**, shall be **forever barred** from thereafter asserting any claims against Defendants, Minnesota Defendants, their officers, directors, shareholders, or employees, whether in this Court or any other forum. Each Claim Form must be verified by an owner, an officer, or authorized corporate employee of the claimant having personal knowledge of the facts comprising such claims.

Any objection to claims must be filed with the Receiver and served upon the claimant and all attorneys of record on or before **September 23, 2016**. Any and all objections to claims must set forth **in detail** the legal and factual basis for the objection. Any additional evidence which the objecting party wishes the Court to consider when resolving the objection must be filed with the objection.

On or before **September 30, 2016**, any claimant to which an objection has been filed shall file with the Receiver and serve the objecting party and all attorneys of record with a detailed response to any objection received on its claim, and include any supporting rebuttal evidence. **A claim, or any portion thereof, subject to an objection will be deemed disallowed if an objection was timely filed and served and the claimant fails to file and serve a timely response.**

Should you have any questions regarding this notice, please contact the undersigned counsel for Plaintiff in this matter or consult your own attorney.

**THE DEADLINE TO FILE YOUR CLAIM FORM IS:**

**SEPTEMBER 9, 2016**

This ____ day of _____, 2016              Sincerely,

                                              By:  /s/ Robert Marcus
                                                   Robert B. Marcus, Esq., not individually but solely in his capacity as Receiver in *Anthony Marano Co. v. Joe Caputo & Sons, et al.*, N.D. Ill Case No. 16-cv-02051
                                                   Maksimovich & Associates, P.C.
                                                   8643 Ogden Avenue
                                                   Lyons, IL 60534
                                                   (708) 447-1040
                                                   (708) 447-1846 – fax

3

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY MARANO COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 16-cv-02051 |
| vs. ) | |
| ) | Judge: Samuel Der-Yeghiayan |
| JOE CAPUTO & SONS, INC. a/t/a JOE ) | |
| CAPUTO #1 a/t/a JOE CAPUTO #1 – DES ) | Magistrate Judge: Jeffrey T. Gilbert |
| PLAINES, *et al*. ) | |
| ) | |
| Defendants. ) | |

Send original claim to:
Robert B. Marcus, Esq.
Receiver (JCS *et al*.)
Maksimovich & Associates, P.C.
8643 Ogden Avenue,
Lyons, IL 60534

# Claim Form

**Read the accompanying Motion and Order before filling out this form. This form is for making a claim pursuant to the Order Establishing Claims Procedure [Dkt. No.____] in the above-captioned case. If you are owed money from more than one debtor, a separate form must be filed for each debt.**

Attach copies of any and all documents that support the claim, such as promissory notes, purchase orders, invoices, bills of lading, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 1001, 1028, and 3571.

| **Part 1:** | **Identify the Claim** |
|---|---|
| **Who is the current creditor?** | _____<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor _____ |

| | |
|---|---|
| **Who is the current debtor (if debt is owed jointly and severally by multiple debtors, list each debtor)?** | _____<br>Name of the current debtor<br><br>Other debtors (if any): _____<br><br>_____ |
| **Has this claim been acquired from someone else?** | ☐ No<br>☐ Yes. From Whom? _____ |
| **Where should notices and payment to the creditor be sent?** | Where should notices to the creditor be sent?<br><br>_____<br>Name<br><br>_____<br>Number          Street<br><br>_____<br>City                                    State<br>Zip Code<br><br>Contact Phone _____<br><br>Contact email _____ | Where should payments to the creditor be sent? (if different)<br><br>_____<br>Name<br><br>_____<br>Number          Street<br><br>_____<br>City                                    State<br>Zip Code<br><br>Contact Phone _____<br><br>Contact email _____ |
| **Does this claim amend one already filed?** | ☐ No<br>☐ Yes.                    Filed on _____<br>                                    MM / DD / YYYY |
| **Do you know if anyone else has filed a claim for this same alleged debt?** | ☐ No<br>☐ Yes. Who made the earlier filing? _____ |

| Part 2: | **Give Information About the Claim** |
|---|---|
| **Do you have any number you use to identify the debtor?** | ☐ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |
| **How much is the claim?** | $_____. **Does this amount include interest or other charges?**<br><br>☐ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges. |
| **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim. Limit disclosing information that is entitled to privacy, such as health care information.<br><br>_____ |

| | | |
|---|---|---|
| **Is all or part of the claim secured?** | ☐ No ☐ Yes. | The claim is secured by a lien on property. **Nature of property**: ☐ Real estate ☐ Motor vehicle ☐ Other. Describe: _____ **Basis for perfection**: _____ Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.) **Value of property**: $ _____ **Amount of the claim that is secured**: $ _____ **Amount of the claim that is unsecured**: $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.) **Annual Interest Rate**: _____% ☐ Fixed ☐ Variable |
| **Is this claim based on a lease?** | ☐ No ☐ Yes. | **Amount necessary to cure any default**: $_____ |
| **Is this claim subject to a right of setoff?** | ☐ No ☐ Yes. | Identify the property: _____ |

Joe Caputo & Caputo Sons, Inc. *et al*.
Claim Form | Page 3 of 4

| | |
|---|---|
| **Part 3:** | **Sign Below** |

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
**18 U.S.C. §§ 1001, 1028, and 3571.**

Check the appropriate box:

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent.

☐ I am a guarantor, surety, endorser, or other co-debtor.

I understand that an authorized signature on this Claim Form serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Claim Form and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____
 MM / DD / YYYY

_____
Signature

Name: _____
First name          Middle Name          Last Name

Title: _____

Company _____
Identify the corporate servicer as the company if the authorized agent is a servicer

Address: _____
Number          Street

_____
City          State          ZIP Code

Contact Phone  _____     Email  _____

Joe Caputo & Caputo Sons, Inc. *et al*.
Claim Form | Page 4 of 4